IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| RANDALL MOYER,<br><br>    Petitioner,<br><br><br><br><br>vs.<br><br><br>UNITED STATES OF AMERICA,<br><br><br><br><br>    Respondent. | MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE UNDER 28 U.S.C. § 2255<br><br><br><br>Civil Case No. 2:08-CV-700 TS<br><br>Criminal Case No. 2:04-CR-387 TS |

    This matter is before the Court on Petitioner Randall Moyer's Motion pursuant to 28 U.S.C. § 2255, to vacate, set aside, or correct his federal sentence.

    The Court has considered the motion and pleadings, reviewed the file. For the reasons set forth below, the Court will deny Petitioner's § 2255 Motion.

1

I.  BACKGROUND

Defendant was indicted on October 13, 2004, in a Second Superseding Indictment.[1]  On March 28, 2006, Defendant entered a plea of guilty as to Count I of the Second Superseding Indictment, a violation of 21 U.S.C. § 841(a)(1), Attempted Manufacture of Methamphetamine.

At his change of plea hearing, the Court questioned Petitioner extensively on the record[2] before and after Petitioner signed his Statement in Advance of Plea (Plea Agreement).  The questions, and Petitioner's answers under oath in open court, established that Petitioner understood that: he was under oath; the maximum possible penalty for the charge was a term of imprisonment of not less than ten years and up to life; he read and understood the Plea Agreement; he was satisfied with his counsel; he understood each of the specific rights he would have if he went to trial and that by entering a guilty plea he was giving up those specific rights, including his right to trial and, under his specific Plea Agreement, the right to appeal.

Regarding possible penalties, the following exchange took place:

> THE COURT: Now, as far as the penalty is concerned, you have got to consider what I have just said in kind of a laborious fashion, but if you have anybody try and tell you that they definitely have some sentence which is less than the maximum, disregard what they say.
>
> Do you understand?
>
> THE WITNESS: Yes, sir.
>
> THE COURT: I don't want to sound pompous, but the decision comes from me, but only after the most careful consideration and input from you and [your counsel] and the government's attorney.
>
> Do you understand?

---

[1] Case No. 2:04-CR-387 TS, Docket No. 25.

[2] Case No. 2:04-CR-387 TS, Docket No. 70.

THE WITNESS: Yes.[3]

Petitioner stated he understood the elements of the charge, the Plea Agreement, and had no questions. The Court specifically asked Petitioner if any threats or promises of any sort had been made to him to get him to plead guilty and he responded, "No, Sir."[4]

Petitioner signed the Plea Agreement[5] in court. It provided that:

15. I understand that the Court can make no decision as to what the sentence will be until the Presentence Report has been received and reviewed by the judge. I further understand that the Court is not obligated in any way to follow the recommendation of the government concerning sentencing matters. If the Court does not follow the government's recommendation, I know that I will not be allowed to withdraw my plea of guilty.

16. I understand that the Court can and will consider all available information in determining my sentence. . . .

\* \* \*

I make the following representations to the Court:

\* \* \*

2. No threats or promises of any sort have been made to me to induce me or to persuade me to enter this plea.

3. No one has told me that I would receive probation, or any other form of leniency because of my plea.[6]

---

[3]*Id*. at 9:2-14.

[4]*Id*. at 11:23-25.

[5]Case No. 2:04-CR-387 TS, Docket No. 42.

[6]*Id*. at 5-6.

The Plea Agreement also contained a waiver of Petitioner's rights to bring a collateral challenge to his sentence, including a § 2255 motion.[7]

Petitioner entered his plea of guilty.  The Court found that the plea was knowingly and voluntarily entered.  The Court further found that "all of the requirements of federal law, including those of Rule 11 of the Federal Rules of Criminal Procedure have been met."[8]  As a result, the Court accepted Petitioner's plea of guilty.

Petitioner's sentencing hearing was held on July 25, 2006.  At the hearing the Court questioned Petitioner about the presentence report.

> THE COURT: [To Petitioner's counsel], did you have a chance to review and discuss it with Mr. Moyer.
>
> [PETITIONER'S COUNSEL]:  I have.
>
> THE COURT:  Mr. Moyer, have you had the presentence report made available to you?
>
> MR. MOYER: Yes.
>
> THE COURT:  Did you have the opportunity to adequately discuss it with [your counsel]?
>
> MR. MOYER: We did a couple of times discuss it, yeah.
>
> THE COURT:  Enough time, that is the question.
>
> MR. MOYER:  Yeah, I guess.[9]

After denying the application of a six-level enhancement for substantial risk to a minor, the Court calculated the applicable guideline range finding an offense level of 34, which became

---

[7] *Id*. at 3.

[8] Case No. 2:04-CR-387 TS, Docket No.70, at 17-18.

[9] Case No. 2:04-CR-387 TS, Docket No. 69, at 3-4.

37 given Petitioner's career offender enhancement. Petitioner was given a three-level reduction for acceptance of responsibility, which resulted in a total offense level of 34. With a criminal history category of VI, a guideline range of 262 to 327 months resulted.[10] After hearing from Petitioner's counsel, the Court decided upon a downward variance and ultimately imposed a below guideline sentence of 240 months.[11]

During the sentencing the following exchange took place between the Court and Petitioner's counsel regarding application of the career offender enhancement.

> THE COURT: [To Petitioner's counsel] [T]he career offender status still reflects in this case assuming three levels for acceptance of responsibility an offense level of 34 criminal history category of Roman Numeral VI and therefore a guideline range of 262 to 327 months which I also believe was the guideline range that I think was contemplated by the plea agreement, isn't that true, counsel?
>
> [PETITIONER'S COUNSEL]: I'm not sure that was. I'm not sure we had a guideline range that was contemplated. There certainly was some discussion about some of the things that could possibly happen at sentencing. Without a career offender I was frankly looking at 29. I think it was 29. Maybe it was -- maybe we thought it was going to be -- no, I thought we were looking at a 31. We weren't looking at the career offender, we were looking at a base level 31 which is 188 to 235 and I had discussed with [the government's counsel] and [Petitioner]. She didn't promise anything, but I had discussed talking about maybe getting it down two levels to 151 to 188 and had made some discussions. *There were no promises made by anyone that that was going to be the sentence, bu there were discussion to that effect.*[12]

---

[10]*Id*. at 13.

[11]*Id*. at 23.

[12]*Id*. at 13-14 (emphasis added).

Judgment was entered on August 1, 2006.[13] Petitioner filed a direct appeal. That appeal was dismissed on September 17, 2007.[14] Petitioner filed this Motion on September 15, 2008.

## II.  DISCUSSION

Petitioner raises only one issue in his § 2255 Motion. Petitioner argues that the Plea Agreement was obtained through ineffective assistance of counsel. In particular, Petitioner argues that he was coerced into pleading guilty based on his counsel's promise that his maximum sentence would be 151-188 months.

In *Strickland*, the Supreme Court established the familiar two-pronged test governing claims of ineffectiveness of counsel. "To demonstrate ineffectiveness of counsel, [Petitioner] must generally show that counsel's performance fell below an objective standard of reasonableness, and that counsel's deficient performance was prejudicial."[15]

To successfully claim ineffective assistance then, Petitioner must show two things: First, that Counsel functioned deficiently.[16] "This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment."[17] Second, he must show that Counsel's deficient functioning prejudiced Petitioner's defense.[18] "This requires showing that counsel's errors were so serious as to deprive [Petitioner] of a fair

---

[13] Case No. 2:04-CR-387 TS, Docket No. 58.

[14] Case No. 2:04-CR-387 TS, Docket No. 84.

[15] *United States v. Lopez*, 100 F.3d 113, 117 (10th Cir. 1996) (citing *Strickland v. Washington,* 466 U.S. 668 (1984)).

[16] *Strickland*, 466 U.S. at 687.

[17] *Id*.

[18] *Id*.

[proceeding], . . . whose result is reliable."[19]  Without both of these showings, Petitioner may not prevail in arguing that his conviction "resulted from a breakdown in the adversary process that renders the result unreliable."[20]

A Court is to review Petitioner's ineffective assistance of counsel claim from the perspective of his counsel at the time he or she rendered the legal services, not in hindsight.[21]  In addition, in evaluating counsel's performance, the focus is not what is prudent or appropriate, but only what is constitutionally compelled.[22]  Finally, there is "a strong presumption that counsel provided effective assistance, and a section 2255 defendant has the burden of proof to overcome that presumption."[23]

In *United States v. Farias*,[24] the Tenth Circuit examined a similar situation and found no error in the trial court's determination that conclusory allegations contradicting the plea agreement and the Defendant's own statements were insufficient to state a claim under *Strickland* for ineffective assistance.

> In signing the plea agreement, [the petitioner] specifically acknowledged he had been advised of and understood the limitations on his direct appeal and collateral-attack rights.  He further expressly acknowledged that it was the district court alone that would impose a sentence and acknowledged the district court's sentence could differ from any sentence estimated by the prosecution or defense counsel. When measured against these specific statements in the plea agreement,

---

[19]*Id.*

[20]*Id.*

[21]*Hickman v. Spears*, 160 F.3d 1269, 1273 (10th Cir. 1998).

[22]*United States v. Cronic*, 466 U.S. 648, 665 n.38 (1984).

[23]*United States v. Kennedy*, 225 F.3d 1187, 1197 (10th Cir. 2002).

[24]268 Fed.App. 730 (10th Cir. 2008).

[petitioner's] conclusory allegations of ineffective assistance were clearly insufficient.[25]

As in *Farias*, Petitioner's conclusory allegations in this case are insufficient to overcome his solemn declarations that his plea was knowing and voluntary.  As the Tenth Circuit has consistently held, petitioners' challenges to the knowing and voluntary nature of a plea or plea waiver predicated on their "defense counsel's purported pre-plea sentencing promises" are correctly "turned aside" "when [their] plea paperwork and colloquies clearly belied their challenges."[26]

As in *United States v. Aparicio*, Petitioner's Plea Agreement and his statements under oath to this Court leave "no doubt that he fully understood what he was doing and his attorney had thoroughly, and effectively, counseled him with regard to the consequences of the plea and his plea agreement."[27]  Considering the above, the Court finds that both Petitioner's plea of guilty and was "knowingly and voluntarily made."

### III.  CONCLUSION

Pursuant to Rule 8(a) of the Rules Governing § 2255 Cases, the Court has reviewed the Motion, the government's Response, the transcripts of prior proceedings, and the record in the criminal case, including the Plea Agreement, and determines that an evidentiary hearing is not

---

[25]*Id*. at 731-32 (citation omitted).

[26]*United States v. Gerber*, 257 Fed. Appx. 105, 109 (10th Cir. 2007) (citing *United States v. Bridges*, 68 Fed. Appx. 896, 900 (10th Cir. 2003); *United States v. Cortez*, 31 Fed. Appx. 611, 617-18 (10th Cir. 2002); *United States v. Aparicio*, 214 Fed. Appx. 866, 868 (10th Cir. 2007)).

[27]214 Fed. Appx. at 868 (quoting district court's findings).

required. Further, because Petitioner's Motion "and the files and records of the case conclusively show that the prisoner is entitled to no relief" no non-evidentiary hearing is required.[28]

Based upon the foregoing, it is hereby

ORDERED that Petitioner's § 2255 Motion (Docket No. 1 in Case No. 2:08-CV-700 TS) is DENIED.

The Clerk of Court is directed to close this case.

DATED this 3rd day of November, 2008.

                                            BY THE COURT:

                                            _____
                                            TED STEWART
                                            United States District Judge

---

[28] 28 U.S.C. § 2255(b).